TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

| | : | |
| OPINION | : | No. 85-803 |
| | : | |
| of | : | <u>JUNE 3, 1986</u> |
| | : | |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE JAMES F. McMULLEN, STATE FIRE MARSHAL, has requested an opinion on the following question:

Does the State Building Safety Board have the duty to hear appeals with respect to those aspects of the construction of hospitals dealing with fire safety and its related details?

CONCLUSION

The State Building Safety Board does not have the duty to hear appeals with respect to those aspects of the construction of hospitals dealing with fire safety and its related details.

1

ANALYSIS

The San Fernando Valley earthquake of February 9, 1971, "although moderate in terms of total energy release, resulted in such total collapse or damage as made many hospital buildings inoperable." (Stats. 1972, ch. 1130 § 1.) To lessen the likelihood of a reoccurrence, the Legislature enacted a statutory scheme requiring hospitals to be constructed to special earthquake standards similar to those for public schools covered by the Field Act. (*Ibid*.) This legislation is now known as the Hospital Seismic Safety Act of 1983. (Health & Saf. Code, §§ 15000-15095; "Act".)[1]

The Act requires in part that the State Fire Marshal ("Marshal") analyze "the fire safety and related details, as set forth in the working drawings and specifications, and . . . observe . . . that part of the construction of hospitals." (§ 15001.) Under a separate statutory scheme the Marshal is required to adopt regulations "establishing minimum requirements for the prevention of fire and for the protection of life and property against fire and panic in any . . . hospital." (§ 13143, subd. (a).)

The question presented for analysis is whether the State Building Safety Board ("Board") has the duty to hear appeals with respect to those aspects of the construction of hospitals dealing with the Marshal's standards for fire safety and its related details. We conclude that it does not.

The Board is part of the Office of Statewide Health Planning and Development ("Statewide Office"). (§ 15080.) It has been designated by the Legislature to hear certain appeals with respect to the construction of hospitals. Section 15080 states:

"There is in the statewide office a Building Safety Board which shall advise and, *except as provided in section 18945, shall act as a board of appeals with regard to seismic safety of hospitals*. The Director of the Office of Statewide Health Planning and Development, with the advice of the Department of General Services, shall appoint the members of the Building Safety Board, which shall advise and, *except as provided in section 18945, shall act as a board of appeals in all matters relating to the administration and enforcement of building standards relating to hospital buildings* during construction or alteration projects published in the State Building Standards Code and the other provisions of this chapter." (Emphases added.)[2]

---

[1] All references hereafter to the Health and Safety Code are by section number only.

[2] Section 18945 deals with the authority of the State Building Standards Commission to hear appeals respecting building standards:

In determining whether section 15080 is applicable to the Marshal's fire safety standards, we are guided by several well-established principles of statutory construction. "It is fundamental that legislation should be construed so as to harmonize its various elements without doing violence to its language or spirit." (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788.) Interpretive constructions that render some words surplusage, defy common sense, or lead to mischief or absurdity are to be avoided. (*Fields* v. *Eu* (1976) 18 Cal.3d 322, 328.) The legislative history of a statute and the wider historical circumstances of its enactment are legitimate aids in construing its provisions. (*Steilberg* v. *Lackner* (1977) 69 Cal.App.3d 780, 785; *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688.) Moreover, we must accord "great weight and respect to the administrative construction" of a statute. (*International Business Machines* v. *State Bd. of Equalization* (1980) 26 Cal.3d 923, 931.)

Is "fire safety and its related details" included within the term "seismic safety" for purposes of section 15080? While "seismic" refers only to earthquakes (see Webster's New Internat. Dict. (3d ed. 1971) p. 2057), it may be argued that a fire would be a natural consequence of an earthquake collapsing a hospital building. Water damage would be another "resulting" consequence.

The language of present section 15080 was contained in former section 15021 which initially gave the State Building Safety Board appeal hearing responsibilities "with regard to seismic structural safety of hospitals" and "in all matters affecting seismic structural safety in the administration and enforcement of this chapter." (Stats. 1972, ch. 1130, § 3.) In 1978 the Legislature deleted the word "structural" from the statutory language. (Stats. 1978, ch. 835, § 3.) In 1979 the two phrases "except as provided in section 18945" were added to the statute as was the reference to "building standards." (Stats. 1979, ch. 1152, § 44.) In 1982 former section 15021 was repealed

---

"(a) Any person adversely affected by any regulation, rule, omission, interpretation, decision, or practice of any state agency respecting the administration of any building standard may appeal the issue for resolution to the commission.

"(b) If any local agency having authority to enforce a state building standard and any person adversely affected by any regulation, rule, omission, interpretation, decision, or practice of such agency respecting such building standard both wish to appeal the issue for resolution to the commission, then both parties may appeal only if the commission determines that the issues involved in such appeal have statewide significance."

3

and its language incorporated into section 15080 with minor modifications. (Stats. 1982, ch. 303, § 2.)[3]

Looking at the declaration of legislative intent contained in section 15001, we find that the purpose of the Act is to require hospitals to "be designed and constructed to resist, insofar as practical, the forces generated by earthquakes, gravity, and winds." More importantly, section 15001 distinguishes between the structural safety and the fire safety elements of hospital construction:

> "It is further the intent of the Legislature that the Department of General Services, through a contract with the Office of Statewide Health Planning and Development, shall analyze only the structural systems and related details as set forth in the working drawings and specifications, and shall observe only that part of the construction of hospital projects and report the findings of such analysis to the Office of Statewide Health Planning and Development. Further, it is the intent of the Legislature that the Office of the State Fire Marshal, through a contract with the Office of Statewide Health Planning and Development, shall analyze only the fire safety and related details, as set forth in the working drawings and specifications, and shall observe only that part of the construction of hospital projects, and report the findings of such analysis to the Office of Statewide Health Planning and Development."

Hence by express legislative design the plan-checking and building-inspection functions for hospital construction have been divided between two public agencies. The Department of General Services is made responsible for "the structural systems and related details," while the Marshal is responsible for "the fire safety and related details." (See also § 15051, subd. (d).)

The dichotomy between the structural and fire safety elements of hospital construction is found throughout the Act. Section 15040 states that the Statewide Office shall observe "the construction of the structural elements" through its contract with the Department of General Services. The Statewide Office is to review "the structural systems and related details, which shall include the independent review of the geological

---

[3] In examining the legislative history of section 15080, we have found only one obliquely relevant statement with respect to appeal hearing responsibilities. In the Legislative Counsel's Digest concerning the legislation that amended former section 15021 in 1979 (Stats. 1979, ch. 1152), it is stated that the State Building Standards Commission is given authority by the legislation "to consider appeals from affected parties with respect to interpretation or enforcement of a building standard by a state agency."

4

data," through its contract with the Department of General Services. (§ 15043.) Section 15055 provides that the Statewide Office is to adopt rules and regulations "with the advice of the Department of General Services" to carry out the provisions of the Act. Section 15055 mandates that the Statewide Office adopt building standards "relating to seismic structural safety for hospital buildings."

On the other hand, the plans and specifications for hospital construction must meet "the fire and panic safety requirements of the State Fire Marshal" *in addition to* complying "with this chapter and the requirements prescribed by the statewide office." (§ 15050.)

These provisions of the Act demonstrate a legislative intent to treat the fire safety elements of hospital construction in a manner different from the seismic structural safety elements. Not only are the plan-checking and building-inspection functions divided on the basis of the structural systems and fire safety, so also is the rule- making authority with respect to hospital construction. The Statewide Office is responsible for the regulations "relating to seismic structural safety" (§ 15055), while the Marshal is responsible for the regulations "establishing minimum requirements for the prevention of fire and for the protection of life and property against fire and panic." (§ 13143, subd. (a).)

The regulations of the Statewide Office are instructive on the issue of whether fire safety and its related details are within "seismic structural safety" for purposes of the Act. California Administrative Code, title 22, section 94001 states:

"These regulations are intended to establish a level of structural safety to provide that hospital buildings will remain, insofar as practicable, completely functional to perform all necessary services to the public after a disaster and will protect life and property by resisting, insofar as practicable, the forces generated by earthquakes, gravity and winds."

Section 94005 of the same title provides:

"(a) These rules and regulations are issued under the authority contained in Sections 15000 and 15023 inclusive of the Health and Safety Code as enacted in Chapter 1130, Statutes of 1972, and subsequently amended.

"(b) Hospital buildings, constructed pursuant to these rules and regulations which have been adopted by the Department with the advice of the Department of General Services based on the current state of the art of

5

earthquake engineering, are deemed to comply with the intent of the Legislature as set forth in Section 2, Chapter 1130, of the Statutes of 1972.

"(c) The Department has contracted with the Department of General Services to carry out the provisions of the Statute, including the enforcement of certain of these regulations. The powers and responsibility to carry out these regulations have been delegated to the Chief Structural Engineer, Office of the State Architect."[4]

Accordingly, the administrative construction of the Act by the Statewide Office as indicated by its regulations is that "seismic structural safety" does not include fire safety and its related details.

Even more illuminating in resolving this issue is the Statewide Office's regulation dealing with the appeal responsibilities of the Board:

"(a) The Building Safety Board shall act as a board of appeals with regard to seismic structural safety of health facilities.

"(b) In the event of disagreement with the rulings, orders, decisions or acts of the Department or the Department of General Services, acting within the scope of Division 12.5 (commencing with Section 15000) of the Health and Safety Code, an appeal may be made by the current or prospective licensee of a health facility to the Building Safety Board. Such appeal shall be considered by the Building Safety Board only following the failure of a conference, held to resolve the appeal in accordance with Section 94083." (Cal. Admin. Code, tit. 22, § 94081.)

The Statewide Office thus views the appellate jurisdiction of the Board as concerning the rulings, orders, decisions and acts of the Statewide Office and the Department of General Services. No mention is made of hearing appeals with respect to the rulings, orders, decisions and acts of the Marshal regarding fire safety and its related details.

This administrative interpretation of the Act by the Statewide Office is consistent with the legislative intent to distinguish the fire safety element from the seismic safety element in the construction of hospitals.

---

[4] "The Department" for purposes of these regulations is "the Division of Facilities Development of the Office of Statewide Health Planning and Development." (Cal. Admin. Code, tit. 22, § 94021, subd. (a).)

6

While it is true that section 15080 also gives the Board appellate jurisdiction over "all matters relating to the administration and enforcement of building standards," except as provided in section 18945, such language must be viewed in light of the dichotomy created by the Legislature between fire safety and seismic structural safety. The Act, the Statewide Office, and the Board have as their goal seismic structural safety. As we have seen, a building standard adopted by the Marshal for fire safety does not address this purpose but is treated separately by the Legislature. The second sentence of section 15080 must be interpreted as an elaboration upon the sentence that precedes it. In such manner the administrative regulations are duly regarded, the Act is given effect, and the various provisions are harmonized.

As a consequence of our analysis of section 15080, the duty to hear appeals with respect to those aspects of the construction of hospitals dealing with fire safety and its related details falls upon the State Board of Fire Services except for building standards, which come within the authority of the State Building Standards Commission. (§§ 13142.6, 18945.) The State Board of Fire Services is part of the Marshal's Office (§ 13140) and hears appeals under section 13142.6:

"(a) The board, under the direction of the vice chairman, *shall sit as a board of appeals on the application of the State Fire Marshal's regulations excepting application of building standards* published in the State Building Standards Code, by the State Fire Marshal or his salaried assistants. When any affected person believes that such regulations, excepting building standards, are being applied incorrectly, such person may appeal the decision of the State Fire Marshal to the board. The board shall not consider any such appeal unless the matter has come to the attention of the State Fire Marshal and he has rendered a decision in writing. Any appeal to the Board shall be made by the affected person or his agent in writing in the form and manner prescribed by the board. The decision of the board shall be binding upon the State Fire Marshal. Any decision made by the board shall not be construed as setting precedent for general application.

"(b) When any affected person believes that such *building standards* are being applied incorrectly by the State Fire Marshal or his salaried assistants, such person *may appeal to the State Building Standards Commission* pursuant to Chapter 5 (commencing with Section 18945) of Part 2.5 of Division 13 of this code." (Emphases added.)

We thus conclude in answer to the question presented that the Board does not have the duty to hear appeals with respect to those aspects of the construction of hospitals dealing with fire safety and its related details.

*****