[No. D017846. Fourth Dist., Div. One. Sept. 28, 1994.]

DAVID PARSONS, Plaintiff and Appellant, v.
CHARLES UMANSKY et al., Defendants and Respondents.

COUNSEL

Janice R. Mazur and Robert E. La Croix for Plaintiff and Appellant.

Neil, Dymott, Perkins, Brown & Frank, Michael I. Neil and Tim S. McClain for Defendants and Respondents.

OPINION

**WORK, J.**—David Parsons, M.D., appeals the court order dismissing his action with prejudice and vacating his previously obtained dismissal without

prejudice when he voluntarily dismissed following the sustaining of a demurrer during the period of time in which he was given leave to amend. For the following reasons, we reverse with directions to enter an order dismissing Parsons's complaint without prejudice.

## I

Parsons sued multiple defendants on various grounds. The trial court sustained a general demurrer to the entire complaint, giving Parsons 10 days to amend. Within the 10-day period and without amending, Parsons filed a dismissal of his complaint without prejudice, and the dismissal without prejudice was promptly entered. Learning of the dismissal order, the defendants moved the court to enter an order dismissing the action with prejudice. (Code Civ. Proc.,[1] § 581, subd. (f)(2).[2]) The court granted the defendants' request and later denied Parsons's motion to vacate that order. Parsons's appeal contends he is statutorily entitled to voluntarily dismiss without prejudice any time before his time to amend has expired.

## II

■ The sole issue presented is procedural; we need not recite the underlying factual allegations. Simply stated: the issue is whether a plaintiff may decline to amend a complaint and instead obtain a dismissal without prejudice during the time granted leave to amend following the sustaining of a demurrer.

Here, Parsons filed his written request for dismissal without prejudice to the clerk as provided by section 581, subdivision (b)(1). This subdivision applies by its terms when the written request is made at "any time before the actual commencement of trial, . . ." Trial is defined in the section as "deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." Thus, the validity of Parsons's dismissal without prejudice depends upon the definition of "actual commencement of trial."

The defendants' later motion for dismissal was directed to the court's authority to dismiss under section 581, subdivision (f)(2), "after a demurrer

---

[1] All statutory references are to the Code of Civil Procedure.

[2] At the time of the decision in *Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781 [176 Cal.Rptr. 104, 632 P.2d 217], present subdivision (c) was included in subdivision 1 and present subdivision (f)(2) was included in subdivision 3.

to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Although we are cited to no reported decisions precisely addressing our facts and we have found none, there has been considerable controversy over what procedural judicial stages constitute "actual commencement of trial" for the purposes of section 581 in addition to those contained in the enactment. The most definitive is that in *Wells* v. *Marina City Properties, Inc., supra,* 29 Cal.3d 781, where the Supreme Court examined an apparent conflict between section 581, former subdivision 1 and former subdivision 3, the predecessor to subdivision (f)(2). The court noted former subdivision 1 affords plaintiffs the right to dismiss before commencement of "trial" while subdivision (f)(2) gives the defendant the right to obtain a court order dismissing the action with prejudice once the court sustains a demurrer with leave to amend and the plaintiff has not amended within the time given. In *Wells,* the plaintiff failed to amend within the time granted. After the leave time had expired, but before judgment was entered, the plaintiff voluntarily filed for and obtained a dismissal without prejudice. Upon the defendant's motion, the trial court subsequently dismissed with prejudice. The Supreme Court held, "once a general demurrer is sustained with leave to amend and plaintiff does not so amend within the time authorized by the court . . . he can no longer voluntarily dismiss the action . . . ." (29 Cal.3d at p. 789; see also *Harris* v. *Billings* (1993) 16 Cal.App.4th 1396, 1402 [20 Cal.Rptr.2d 718].)

The case we address is factually distinguishable because Parsons filed for and obtained a dismissal without prejudice *before* the time to amend expired, while in *Wells* the plaintiff sought relief *after* the time given had lapsed.

In resolving the issue as it was presented in *Wells,* the Supreme Court considered its decision in *Goldtree* v. *Spreckels* (1902) 135 Cal. 666 [67 P. 1091], where it had construed "trial" as was then used in former subdivision 1 of section 581, to include a demurrer sustained without leave to amend. Impliedly, *Goldtree* construed the phrase "before commencement of trial" as used in former subdivision 1, to include the period during which a pleading may be amended after a demurrer is sustained with leave to amend.

In *Wells* v. *Marina City Properties, Inc., supra,* 29 Cal.3d 781, the Supreme Court held the specific acts designated in former subdivision 1 of section 581 as constituting "the actual commencement of trial" were not exclusive. Further, the court held the amendment of former subdivision 1 to include specific examples was not intended to overrule *Goldtree's* long-standing proposition that the sustaining of a demurrer without leave to amend would be considered the commencement of trial for the purpose of

depriving plaintiffs from thereafter voluntarily dismissing without prejudice. The Supreme Court then expanded the list of procedural junctures at which a trial should be deemed to have commenced for the purpose of section 581, concluding that once a general demurrer is sustained with leave to amend and "plaintiff does not so amend within the time authorized by the court . . . he can no longer voluntarily dismiss his action pursuant to section 581, former subdivision 1, even if the trial court has yet to enter a judgment of dismissal on the sustained demurrer." (29 Cal.3d at p. 789.)

In addressing the issue posed by Parsons on the facts of this case, it is clear that former subdivision 1 is not facially in conflict with subdivision (f)(2) of section 581. Former subdivision 1 enables the plaintiff to dismiss without prejudice until the trial commences, while subdivision (f)(2) only authorizes the court to dismiss after a demurrer has been sustained with leave to amend *and* the time to amend has expired without amendment. *Wells* holds that a plaintiff's right to voluntarily dismiss under former subdivision 1, without prejudice, terminates when no amendment is filed within the time granted by the court. Had the Supreme Court interpreted *Goldtree* and the legislative intent to preclude the plaintiff's right to dismiss under subdivision 1 during the time given to amend, it could easily have done so. Instead, in reference to a hypothetical problem posed in an article by Woods, *To Dismiss Or Not To Dismiss: That Is the Question* (Cont.Ed.Bar 1980) 2 Civ. Litigation Rptr., pages 109, 112, the *Wells* court stated: "[W]e note that such right of voluntary dismissal, [pursuant to § 581, former subd. 1] which is not barred until expiration of plaintiff's time to amend after the sustaining of the demurrer, would also not be impaired *prior* to a decision sustaining the demurrer." (29 Cal.3d at pp. 789-790, italics in original.)

Although *Wells* does not specifically address our facts, that decision has been interpreted by Weil and Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 1994) section 11.22 as: "If leave to amend has been granted, plaintiff retains the right to dismiss without prejudice *until* expiration of the time to amend. [Citing *Wells* . . .]." (Italics in original.) Even more direct is the statement in California Civil Procedure Before Trial (Cont.Ed.Bar 1994) Voluntary Dismissal, section 58.14, page 9: "If the court sustains the demurrer with leave to amend, the plaintiff may dismiss the action *without prejudice* until expiration of the time to amend. [Citing *Wells*.]"[3] (Italics added.)

We are cognizant that the same policy considerations which the majority cite in *Wells*, when reviewing a plaintiff's right to voluntarily dismiss

---

[3]This interpretation is contrary to that of the two dissenting justices in *Wells* which concludes the majority's dictum "has the trial of law commencing upon the ruling of the court sustaining the demurrer. If sustained with leave, we have the situation that plaintiff is precluded from dismissing even during the time to amend and the distinction between without

without prejudice after failing to amend within the time given, are seemingly present in this case. That is, the need to avoid possible duplicative, repetitious pleadings throughout the entire statute of limitations, even though plaintiff's initial offering is judicially ruled inadequate and plaintiff fails to amend having been given the opportunity to do so. However, we believe adherence to professional standards by counsel, the threat of judicial sanctions and exposure to counter-litigation will significantly limit actual abuse.

## DISPOSITION

The order denying plaintiff's motion to vacate the ex parte order of June 24, 1992, is reversed, and the superior court is directed to enter an order vacating its order dismissing plaintiff's action with prejudice.

Kremer, P. J., and Froehlich, J., concurred.

---

and with leave becomes meaningless." (*Wells* v. *Marina City Properties, Inc., supra*, 29 Cal.3d at p. 793 (dis. opn. of Carr, J.).)