Filed 3/26/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| STEPHEN H. PIELSTICK,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>MIDFIRST BANK et al.,<br><br>      Defendants and Respondents. | B247106<br><br>(Los Angeles County<br>Super. Ct. No. BC475838) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Steven J. Kleifield, Judge.  Affirmed.

Stephen H. Pielstick, in pro. per., for Plaintiff and Appellant.

Levinson Arshonsky & Kurtz, Richard I. Arshonsky and Jason J. Jarvis for Defendant and Respondent MidFirst Bank.

McCarthy & Holthus, Melissa Robbins Coutts and Gregory Belnap for Defendants and Respondents MidFirst Bank, Midland Financial Co., Quality Loan Service Corporation, and Mortgage Electronic Registration Systems, Inc.

Stephen H. Pielstick (appellant) appeals from a judgment dismissing his second amended complaint (SAC) against MidFirst Bank (MidFirst), Midland Financial Company (Midland), and Quality Loan Service Corporation (Quality) (collectively "respondents") with prejudice after the trial court sustained respondents' demurrer to the SAC without leave to amend.

Appellant's sole contention on appeal is that the trial court erred in denying his oral request at the hearing on the demurrer to voluntarily dismiss his case without prejudice pursuant to Code of Civil Procedure section 581 (section 581). We find no error and affirm.

## BACKGROUND

This matter arises out of a nonjudicial foreclosure sale of property previously owned by appellant. Appellant alleged that the property consisted of two subdivided parcels of land in Los Angeles County, APN No. 3039-019-065 and APN No. 3039-019-064. During a refinance in 2008, the properties were improperly recorded as a single property, APN No. 3039-019-040. Appellant alleged that due to the inaccurate recording, he suffered through a series of erroneous default notices from respondents. Appellant alleged that respondents began impounding appellant's taxes and insurance from both subdivided APN numbered parcels into the refinanced single APN parcel. This caused an alleged escrow deficiency. A "Notice of Default and Election to Sell Under Deed of Trust" was recorded on or about December 20, 2010. The sale took place on December 28, 2011, and the "Trustee's Deed Upon Sale" was recorded on January 12, 2012. MidFirst became the record owner of the property.

On December 23, 2011, appellant filed a verified complaint against MidFirst and Midland, among others, alleging negligence, violation of the one action rule, reformation of deed of trust, quiet title, and tortious interference. Appellant filed his first amended complaint on January 13, 2012, adding Quality as a defendant and adding causes of action for financial elder abuse and wrongful foreclosure.

Quality demurred to the first amended complaint on April 12, 2012. MidFirst and Midland demurred to the first amended complaint on May 10, 2012. The trial court

2

sustained the demurrers without leave to amend as to appellant's cause of action for reformation and with leave to amend as to the remaining causes of action.

Appellant filed the SAC on September 14, 2012, adding new causes of action for slander of title, violation of Penal Code sections 471, subdivision (b) and 470, subdivision (d), cancellation of instrument, improper foreclosure procedure, civil conspiracy to defraud, intentional infliction of emotional distress, and violation of Business and Professions Code section 17200, among others. On October 19, 2012, respondents demurred to all causes of action set forth in the SAC.

The parties appeared at the demurrer hearing on December 4, 2012. The court noted that it did not see an opposition to the demurrer. Appellant responded that he had filed one. Richard Arshonsky, counsel for MidFirst, noted that he had not received an opposition, and that he filed a notice of nonopposition. David Scott, counsel for all respondents, noted that he also had not received an opposition.

The court eventually located the opposition, and made the following suggestion:

> "Why don't you take a look at it. I'll give the court's copy of the opposition to counsel who is present. And I'll put the matter on second call. When I'm done with the rest of the calendar I'll go in and read it. If you're in a position to do so, I can hear argument from counsel."

Respondents inquired as to whether the opposition was timely filed. The court indicated that it did not appear that the opposition was timely filed, and counsel for respondents asked that it be stricken. The court responded, "Why don't you read it first then I can rule on that motion."

The matter was called again later in the morning, at which time the court admitted it had not had time to review the opposition due to the morning proceedings. Finding that the opposition was filed late, the court gave appellant two choices: (1) the court would strike the opposition and go ahead with the hearing; or (2) the court could continue the hearing and order appellant to pay any costs incurred as a result of the continuance plus attorney fees and have counsel come back next time with a declaration as to fees.

3

Appellant chose the second option.  Counsel for respondents suggested that they were able to "stick around" while the court reviewed the opposition, and proceed with the hearing later that morning.  The court again agreed and continued the matter to a later time.

The court called the matter for a third time approximately 45 minutes later.  At that time, the court indicated that it had been informed by the clerk that appellant had a request.  Appellant stated:  "Yes, your Honor, I was wondering if it wouldn't be just wise to go ahead and dismiss this without prejudice and then refile with possibly an attorney to work on this for me."  The court asked if counsel wanted to be heard on this issue.  Counsel for respondents objected to appellant's request for dismissal, stating:  "[T]he [appellant] has already had three bites of the apple thus far with his complaint. . . .  [F]or [appellant] to be able to have an opportunity to file another lawsuit again seems to be a waste of judicial resources and very prejudicial to the defendants."

Mr. Scott, who had appeared via court call, was able to locate pertinent law.  He referred the court to *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253, which suggests that plaintiffs should not be permitted to avoid a bad outcome "by the stratagem of filing a last minute request for dismissal without prejudice."  (*Id.* at p. 257.)  The trial court reviewed the case, denied appellant's request to dismiss without prejudice, and proceeded to hear argument on the merits of respondents' demurrer.

The trial court sustained the demurrer without leave to amend.  A judgment of dismissal was filed on January 14, 2013.

On February 21, 2013, appellant filed his notice of appeal.

## DISCUSSION

### I. Standard of review

There is some conflicting authority as to the appropriate standard of review for a request to voluntarily dismiss a case pursuant to section 581.  The majority of cases apply a de novo standard, reviewing the issue as a matter of law where it involves the application of undisputed facts to the statute.  (See *Lee v. Kwong* (2011) 193 Cal.App.4th 1275, 1281 (*Lee*) ["The trial court's application of section 581 to undisputed facts is a

4

question of law and we review the trial court's determination de novo"]; *Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 262 (*Gogri*) ["Because the trial court's application of section 581 to undisputed facts is a question of law, we apply the independent standard in reviewing on appeal the trial court's determination"].)

However, in *Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538 (*Tire Distributors*), Division Eight of this District held that an abuse of discretion standard is more appropriate, noting that "every court to consider the issue has based its holding on the facts and circumstances surrounding the dismissal, evaluating whether allowing the dismissal to stand would be unfair or would endorse dishonest litigation tactics." (*Id.* at p. 544.) The *Tire Distributors* court framed the issue as a factual determination as to whether, considering the circumstances of each case, the plaintiff's last minute dismissal was done "in good faith or merely for tactical reasons." (*Ibid.*) The court concluded that the "common thread running through all of these decisions is the notion of fairness, which in turn depends on the plaintiff's motivation and intent in dismissing his complaint." (*Id.* at p. 546.) Such questions, the *Tire Distributors* court held, are best left to the sound discretion of the trial court.

We find that we need not resolve the apparent conflict between the cases cited above. Under either standard, no error occurred.

## II. Voluntary dismissal under section 581

Section 581 allows a plaintiff to voluntarily dismiss, with or without prejudice, an action "by oral or written request to the court at any time before the actual commencement of trial." (§ 581, subd. (b)(1).) Section 581, subdivision (a)(6), provides: "A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence."

The California Supreme Court has construed the word "trial" in section 581 to include a hearing on a dispositive motion, such as a summary judgment motion or a demurrer. (See *Goldtree v. Spreckels* (1902) 135 Cal. 666, 672 ["In our opinion the

5

subdivision of section 581 of the Code of Civil Procedure in question cannot be restricted in its meaning to trials of the merits after answer, for there may be such a trial on a general demurrer to the complaint as will effectually dispose of the case"]; *Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1402 ["The right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term 'commencement of trial.' These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication"].)

The rationale behind the courts' broad interpretation of the term "trial" as used in section 581 was set forth in *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781 (*Wells*). In *Wells*, the Supreme Court held that a plaintiff could no longer voluntarily dismiss his complaint under section 581 after failing to amend the complaint subsequent to the sustaining of a demurrer with leave to amend. The high court explained:

> """If he could do so, litigation would become interminable, because a party who was led to suppose a decision would be adverse to him could prevent such decision and begin anew, thus subjecting the defendant to annoying and continuous litigation."' [Citation.] An important additional interest has also been identified. 'But the injustice to the defendant is not the greatest evil of such a practice; the wasting of the time and money of the people in a fruitless proceeding in the courts is something far more serious.' [Citation.]"

(*Wells, supra*, 29 Cal.3d at pp. 785-786.)

"Therefore, 'commencement of trial' under section 581 is not restricted to only jury or court trials on the merits, but also includes *pretrial* procedures that *effectively dispose of the case*. [Citations.]" (*Gogri, supra*, 166 Cal.App.4th at pp. 261-262.)

## III. Timeliness of appellant's request for voluntary dismissal

Appellant has the right to voluntarily dismiss his complaint without prejudice at any time "before the actual commencement of trial." (§ 581, subd. (b)(1).) The demurrer hearing where appellant made his request for voluntary dismissal was a "trial" within the meaning of section 581. (*Goldtree v. Spreckels, supra*, 135 Cal. At p. 672.) Therefore,

6

our analysis is limited to the question of whether appellant made his request "before the actual commencement" of the demurrer hearing. We conclude that he did not.

The parties convened for the hearing on the morning of December 4, 2012, sometime before 9:03 a.m. The parties stated their appearances and it was acknowledged on the record that the parties were present to argue the demurrer. The court inquired if anyone had received an opposition. The court then allowed the parties to be heard on the following issues: whether appellant had filed an opposition; whether such opposition was properly served on the parties; and whether such opposition was timely. This exchange constituted oral argument. (§ 581, subd. (a)(6) ["A trial shall be deemed to actually commence at the beginning of the . . . argument of any party or his or her counsel"].)

The matter was then continued for the exclusive purpose of allowing respondents and the court to read appellant's opposition, which the court found to be untimely. When the parties reconvened, the court gave appellant two choices: to strike the opposition and immediately proceed with the hearing, or continue the hearing a second time under the condition that appellant would pay any costs and fees incurred by respondents due to the continuance. Appellant chose the second option, and the matter was again continued briefly. The court stated: "Why don't we put this over say until 10:30 and then . . . that will give me an opportunity to read the papers and we'll have our hearing." Again, the brief continuance was for a single exclusive stated purpose: to allow the court to read the untimely filed opposition.

Where a trial court has allowed a brief continuance of a dispositive hearing for a limited purpose, a plaintiff is not entitled to utilize that time to file a voluntary dismissal of the action with the intention of reasserting the same allegations at a later date. The court in *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 771 (*Mary Morgan*) addressed this issue in the context of a summary judgment hearing. There, the trial court granted a continuance of a hearing on a summary judgment motion for the exclusive purpose of allowing the plaintiff to produce opposition evidence that the plaintiff claimed was previously unavailable. Instead of producing the alleged evidence, the plaintiff filed a request for voluntary dismissal of the action. In affirming the trial court's decision that

7

the plaintiff was not permitted to dismiss its case without prejudice under those circumstances, the *Mary Morgan* court stated: "We will not eviscerate the summary judgment procedure by permitting a plaintiff to voluntarily dismiss his or her action after commencement of a summary judgment hearing and continuation for the express and exclusive purpose of permitting the plaintiff an opportunity to present opposition evidence." (*Ibid.*) While the *Mary Morgan* court restricted its holding to the context of summary judgment motions, we find the analysis applicable where, as here, the court has commenced a hearing on a demurrer and has granted a brief continuance for a very limited purpose. "[A] contrary holding would undermine the [demurrer] procedure and promote 'mischievous lawyering.' [Citation.]" (*Ibid.*)

We further note that during the hearing, after the first continuance, appellant acknowledged that he was "doing pretty badly apparently." At that time, appellant inquired of the court whether the court would recommend that appellant try to acquire an attorney to assist him. These statements suggest that appellant felt that the hearing was not going well and anticipated that a ruling would not be favorable to him. His request for voluntary dismissal may therefore be described as an improper attempt at manipulation of the litigation process.

A plaintiff may not file a voluntary dismissal in order to avoid an impending adverse decision so that he may "'"begin anew, thus subjecting the defendant[s] to annoying and continuous litigation."'" [Citation.]" (*Wells, supra*, 29 Cal.3d at pp. 785-786.) The rationale set forth in *Wells* is applicable here:

> "Plaintiff apparently was unable to amend the allegations of his complaint to satisfy the court that a cause of action was stated. . . . To accept his present argument, and assuming the statute of limitations permitted, would allow him to reassert the same allegations in still another complaint, seeking a more favorable ruling from another court, rather than to proceed in a more appropriate, expeditious and final, course to appeal on the legal sufficiency of those allegations.
>
> "The obvious consequence of such a statutory construction would be to prolong, rather than to terminate, lawsuits. It would not serve the orderly

8

and timely disposition of civil litigation.  No good reason appears why encouragement should be given to such tactics."

(*Wells, supra*, 29 Cal.3d at pp. 788-789.)

As the *Wells* court instructed, we decline to encourage such tactics.

**DISPOSITION**

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION**


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.*
FERNS

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.