Filed 4/1/15  Eder v. South Coast Air Quality Management Dist. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| HARVEY MARK EDER,<br><br>　　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT et al.,<br><br>　　　　　Defendants and Appellants. | B251627<br><br>(Los Angeles County<br>　Super. Ct. No. SC119641) |

　　　　APPEAL from the judgment of the Superior Court of Los Angeles County. Luis A. Lavin, Judge.  Reversed and remanded with directions.

　　　　Harvey Mark Eder, in pro. per., for Plaintiff and Appellant.

　　　　Kurt R. Wiese, Barbara Baird and William B. Wong for Defendants and Appellants.

＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊

Plaintiff and appellant Harvey Mark Eder filed this action for a writ of mandate, seeking to compel defendants and appellants South Coast Air Quality Management District (SCAQMD) and Barry Wallerstein, SCAQMD's executive officer, to convert the entire south coast air basin to solar energy within five years. Defendants filed a demurrer which was sustained with 30 days leave to amend. Plaintiff did not file an amended pleading and defendants therefore sought an ex parte dismissal pursuant to Code of Civil Procedure section 581, subdivision (f)(2) (hereafter section 581(f)(2)). The trial court granted defendants' ex parte application and ordered a dismissal without prejudice, denying defendants' request for a dismissal with prejudice. Defendants appeal from that order and request entry of a judgment of dismissal with prejudice. Plaintiff filed a notice of cross-appeal from the order of dismissal but did not present any additional contentions for consideration.

We reverse the order of dismissal without prejudice and direct the trial court to enter a judgment of dismissal with prejudice in favor of defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his complaint in propria persona for a "writ of mandate" requiring defendant SCAQMD to complete a solar conversion of the entire south coast air basin within five years. Defendants filed a demurrer to the complaint, and also moved to have the action deemed related to two other nearly identical complaints filed by plaintiff, and transferred to the central district in accordance with Los Angeles Superior Court Local Rule 2.3 which requires writs of mandate to be filed in that district. The actions were deemed related and were transferred to the writs and receivers department in the central district.

On May 28, 2013, the court sustained defendants' demurrer on multiple grounds, including that the complaint failed to state sufficient facts showing a mandatory duty

2

owed by SCAQMD to convert the entire air quality basin to solar within five years.[1]  The court granted plaintiff 30 days leave to amend his complaint.

Plaintiff failed to file an amended complaint.  At the trial setting conference held September 5, 2013 -- 100 days after the court had sustained the demurrer with 30 days leave to amend -- plaintiff orally requested additional time to file an amended complaint.  The court denied the request without prejudice to the filing of a noticed motion requesting such relief in accordance with Code of Civil Procedure section 473, subdivision (a)(1).

Thereafter, defendants gave ex parte notice of their intent to seek dismissal of the action pursuant to section 581(f)(2) in light of plaintiff's failure to timely amend his pleading.  In response, plaintiff apparently gave notice of his intent to file his own ex parte application.  The document contained in the record is largely incomprehensible, but it appears plaintiff sought, in part, an additional 90 days to amend his pleading.

On September 13, 2013, the ex parte applications were heard.  Plaintiff was present for the hearing.  The court granted defendants' request to dismiss the action, but entered a dismissal without prejudice, denying defendants' request for dismissal with prejudice.  The court noted in its order that it had attempted to accommodate plaintiff by granting 30 days leave to amend (20 days *more* than the time provided by the Rules of Court), that plaintiff had failed to timely amend, and that plaintiff had also failed to file any written request for further time to amend until after defendants gave notice of their application for dismissal.

This appeal, and plaintiff's cross-appeal, followed.

---

[1]  Apparently, similar demurrers in the two related cases were sustained without leave to amend on the grounds those actions were duplicative of this action.  Those orders do not appear in the record, but plaintiff does not dispute those demurrers were sustained without leave to amend.

## DISCUSSION

Section 581(f)(2) provides, as relevant here, that "[t]he court may dismiss the complaint as to that defendant when: [¶] . . . [¶] after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." We review a trial court's ruling on a motion to dismiss pursuant to section 581(f)(2) for abuse of discretion. (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827; accord, *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054 [discussing former version of the statute].)[2]

Defendants were entitled to a dismissal *with* prejudice. In *Cano v. Glover* (2006) 143 Cal.App.4th 326 (*Cano*), the plaintiff deleted one of the defendants from his amended pleading after having unsuccessfully stated claims against the defendant in earlier versions of the pleading. The defendant sought entry of a formal order of dismissal with prejudice, but the trial court only entered a dismissal without prejudice. The *Cano* court reversed and directed the trial court to enter a dismissal with prejudice in favor of the defendant. (*Id.* at pp. 330-332.) The court explained that "no cases have held that a dismissal pursuant to section 581, subdivision (f)(2) may be without prejudice. The right to dismiss *without* prejudice is expressly permitted by other subdivisions of section 581 but section 581, subdivision (f)(2) does not so provide. [Citations.] . . . [Citation.] The dismissal without prejudice is also at variance with the California Rules of Court. Rule 325(f)[3] provides for dismissal, by ex parte application or noticed motion, of '*the entire action and for entry of judgment* after the expiration of the time to amend following the sustaining a demurrer . . . .' [Citation.] Judgment may only be

---

**2**    We reject defendants' contention, relying on *Gogri v. Jack in the Box Inc*. (2008) 166 Cal.App.4th 255, that our review is de novo. *Gogri* did not involve review of a motion to dismiss under section 581(f)(2), but an order vacating entry of a voluntary dismissal.

**3**    California Rules of Court, former rule 325(f) has been renumbered rule 3.1320(h).

entered if the case has been adjudicated to finality." (*Id*. at pp. 329-330; see also *Parsons v. Umansky* (1994) 28 Cal.App.4th 867, 870.)

*Cano* relied on the analysis of the Supreme Court in *Wells v. Marina City Properties, Inc*. (1981) 29 Cal.3d 781 (*Wells*). In *Wells*, the plaintiff failed to amend his pleading after the court sustained the defendant's demurrer with leave to amend. The plaintiff then sought to defeat the defendant's right to a dismissal with prejudice by filing a voluntary dismissal of the action without prejudice on the day after being served with the defendant's motion to dismiss. (*Wells,* at pp. 783-785.) *Wells* concluded that a plaintiff's absolute right to dismiss under subdivision 1 of the former version of section 581 did not trump the defendant's right to a dismissal with prejudice at that stage of the proceedings. "We conclude, therefore, that once a general demurrer is sustained with leave to amend and plaintiff does not so amend within the time authorized by the court or otherwise extended by stipulation or appropriate order, he can no longer voluntarily dismiss his action pursuant to section 581, subdivision 1, even if the trial court has yet to enter a judgment of dismissal on the sustained demurrer." (*Wells,* at p. 789.)

Plaintiff appears to suggest that the logic of *Cano* and *Wells* should not apply here because he had only been given one opportunity to amend. However, a plaintiff does not have an automatic right to multiple rounds of pleadings. Rather, the law requires only that a plaintiff be afforded a fair opportunity to amend a pleading found legally deficient by way of demurrer. Plaintiff here was given a reasonable opportunity to attempt to marshal additional facts to cure his pleading and failed to do so. The court granted plaintiff 30 days leave to amend, and defendants did not seek an ex parte dismissal until over 90 days after that deadline had passed. Plaintiff nonetheless failed to file any amended pleading within that entire timeframe, and then, only after defendants filed their application for dismissal, did plaintiff file, *not* an amended pleading, but a request for another 90 days in which to amend. Moreover, plaintiff requested this additional time without articulating any new material facts to cure the defects in his pleading, specifically, no facts demonstrating SCAQMD had a mandatory duty to convert the entire south coast air basin to solar energy within five years.

5

## DISPOSITION

The September 13, 2013 order dismissing the action without prejudice is reversed. The action is remanded to the superior court with directions to enter a new order and judgment of dismissal with prejudice in favor of the South Coast Air Quality Management District and Barry Wallerstein.

South Coast Air Quality Management District and Barry Wallerstein shall recover their costs on appeal.

GRIMES, J.

We concur:

BIGELOW, P. J.

FLIER, J.

6