Filed 1/31/19

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of CATHERINE PEROW and RICHARD UZELAC. | B283457 |
| CATHERINE PEROW, | (Los Angeles County Super. Ct. No. BD509605) |
| Respondent, | |
| v. | |
| RICHARD UZELAC, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Colin P. Leis, Judge. Affirmed.

Wendy Rossi, Los Angeles, for Petitioner and Respondent.

Jeffrey L. Hoffer, Agoura Hills, for Respondent and Appellant.

\* \* \* \* \* \*

When a party to a dissolution proceeding moves to modify an existing order, the other party may ask the court for "affirmative relief" in a responsive pleading, but only if that relief is "alternative to that requested by the moving party" and "on the same issues raised by the moving party." (Fam. Code, § 213, subd. (a).)[1]  Is a responding party's request for sanction-based attorney fees under section 271 a request for "affirmative relief"?  We conclude that it is not.  Accordingly, and because the appealing party's other challenge lacks merit, we affirm the award of sanctions in the form of attorney fees in this case.

**FACTS AND PROCEDURAL BACKGROUND**

I.      **Facts**

Richard Uzelac (husband) and Catherine Perow (wife) got married in November 2000.  At that time, wife knew that husband was a convicted sex offender, but she did not know the details of the underlying crime—namely, that he had molested his stepdaughter for several years, from when she was 8 to 12 years old.  Husband and wife had a daughter in 2007.  They separated in May 2008.

II.     **Procedural Background**

A.      ***Dissolution of marriage***

Wife filed for dissolution of her marriage in July 2009, seeking custody of their daughter.

1.      *Judgment of dissolution*

In response to an ex parte request by husband, the trial court bifurcated the issue of dissolution from all remaining issues

---

1      All further statutory references are to the Family Code unless otherwise indicated.

and in December 2010 entered a judgment of dissolution ending the marriage.

### 2. *Child custody and support*

In August 2010, husband and wife stipulated that they would share legal custody of their daughter, and that wife would have primary physical custody. Pursuant to that stipulation, husband had physical custody of their daughter 7 to 12.5 hours a week; wife was to have custody the rest of the time. Soon thereafter, husband filed a motion seeking to invalidate the stipulation on the ground that he had not understood it when he signed it, but the trial court denied the motion.

### B. *Husband's requests for modification of child custody and support*

#### 1. *Husband's requests*

Husband later filed two separate requests to modify the prior stipulation. In April 2012, he filed a request to modify the child custody arrangement to seek a "50/50" split of time.[2] In February 2014, he filed a request to modify child support in light of his proposed change to the child custody arrangement.

#### 2. *Wife's responses*

Wife filed three responsive declarations while husband's requests were still pending. She filed the first in May 2012, the second in November 2013, and the third in April 2014. In all three responsive declarations, wife requested "all costs and attorney's fees associated with" husband's April 2012 modification request pursuant to sections 271 and 2030, as well as Civil Procedure Code section 128.5. In her later responsive

---

[2] Husband also sought a division of funds held in a trust but did not litigate that issue to resolution.

declarations, wife also asked the court to require that husband's time with their daughter be monitored because the daughter was approaching the age of the stepdaughter husband had previously molested.

3. *Entry of judgment on child custody and other issues*

While husband's requests were still being litigated, the trial court prepared a further judgment incorporating the parties' stipulated child custody arrangement and reserving all other issues, which it filed in early October 2013. The trial court also made and entered final judgments as to spousal support and property division in May 2014.

4. *Trial court's hearing and ruling*

The trial court held hearings on husband's requests over the course of eight days in 2014 and early 2015.

In an oral February 2015 ruling that was memorialized in a July 2015 order (and later amended in a September 2015 order), the trial court denied husband's request to modify the custody order but granted wife's request that husband's visits be monitored. The court found that husband had not established the requisite change in circumstances required to alter the custody stipulation. The court also noted that husband had not been "honest with the Court" in his motion when he failed to mention his prior child sex conviction. The court sent husband's still-pending motion to modify child support to a different family court. Right after the court orally explained its intent to transfer the matter, wife's attorney clarified that the court's transfer order "also cover[ed] the [pending] attorney fees [requests] as well," and the trial court did not disagree.

4

**C.** *Wife's motion for attorney fees and adjudication of husband's outstanding request*

In February 2016, wife filed a motion renewing her request for attorney fees and costs arising from husband's now-rejected motion to modify the child custody order.[3] Following extensive briefing and three days of hearings in March and April 2017, the trial court concluded that (1) "jurisdiction to award [attorney] fees" had been "preserved," and (2) wife was entitled to attorney fees as a sanction pursuant to section 271 because husband's request for modification of the custody order had been "fatally flawed [from the outset] because [he] did not disclose [his] status as a registered sex-offender," and because husband had "scuttled [wife's] proposed settlement" at the last minute. The court imposed sanctions in the amount of $149,672.12, which was less than the full amount wife requested.

**D.** *Appeal*

Husband filed a timely notice of appeal.

## DISCUSSION

In this appeal, husband does not claim that the trial court abused its discretion in *how* it applied section 271 in awarding wife attorney fees. Instead, he argues that the court was wrong to award such fees in the first place because (1) wife requested these fees only in her responsive declarations, and section 213 bars the award of "affirmative relief" sought in responsive declarations if they are not on the "same issues raised by the

---

[3] In March 2016, she filed a companion motion to place husband's still pending motion to modify child support back on calendar. This motion was granted, and the trial court retroactively and prospectively reduced husband's child support obligation.

5

moving party," and (2) wife's request for fees was untimely. Because these issues involve the court's statutory authority to award fees under section 271 and also turn in part on statutory interpretation, our review is de novo. (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 460 ["statutory authority" to award fees]; *Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128, 135.)

## I.    Scope of Relief Under Section 213

When one party to a marital dissolution moves to modify an existing court order in that proceeding, section 213 authorizes the other party to file a responsive declaration. In that responsive declaration, the party may oppose the modification and, if she desires, may "seek affirmative relief," but only if that affirmative relief is "alternative to that requested by the moving party" *and* "on the same issues raised by the moving party." (§ 213, subd. (a).)[4] The proper way for the responding party to *expand* the issues is to file a separate motion to modify. (§ 3603.) Because wife in this case filed only responsive declarations, the propriety of the attorney fees award turns on the following threshold question: Is an attorney fees sanction under section 271 a form of "affirmative relief" within the meaning of section 213?

We conclude that the answer is "no."

_____

[4]    In full, subdivision (a) provides: "In a hearing on an order to show cause, or on a modification thereof, or in a hearing on a motion, other than for contempt, the responding party may seek affirmative relief alternative to that requested by the moving party, on the same issues raised by the moving party, by filing a responsive declaration within the time set by statute or rules of court." (§ 213, subd. (a).)

6

Section 213's restrictions on affirmative relief are aimed at keeping each modification proceeding limited in scope to the substantive issues raised in the moving papers, much as a civil lawsuit is confined to the claims for affirmative relief raised in the complaint, (Civ. Proc. Code, § 431.30 ["Affirmative relief may not be claimed in the answer"]) and cross-examination is confined to the substantive areas raised during direct examination (Evid. Code, § 773, subd. (a) ["A witness examined by one party may be cross-examined upon any matter within the scope of the direct examination . . ."]).  By requiring a responding party seeking to expand the substantive scope of issues placed before the court by the moving party to file a separate motion to modify, section 213—as our Legislature noted when enacting its predecessor statute—"consolidate[s] all motions on the same issues into one court hearing, thereby saving time and expense."  (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 2518 (1987-1988 Reg. Sess.) April 28, 1988, p. 1.)  We must construe the term "affirmative relief" in section 213 with this purpose in mind.  (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 ["Our fundamental task in construing a statute is . . . to effectuate [its] purpose."].)

Where, as here, the bar to seeking affirmative relief in responsive pleadings is intended to keep the modification proceeding focused on the "message" set forth in the moving papers, a responding party seeks affirmative relief only if she seeks to change or expand that message.  A party does not change or expand the message—and hence does not seek affirmative relief—if she does no more than defend against the substantive claims made by the moving party.  (See *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 745-746, fn. 12

["'Affirmative relief' is an award . . . that goes beyond merely defeating the [movant's] recovery."]; *Coleman v. Gulf Ins. Co.* (1986) 41 Cal.3d 782, 793-794 ["'affirmative relief'" is more than an "'attempt to repel [the movant's] attack'"]; cf. *Simpson v. Superior Court* (1945) 68 Cal.App.2d 821, 825 ["affirmative relief" is relief that "operates not as a defense but" instead as a "counterattack" that seeks to "affirmatively and positively . . . defeat [the movant's] cause of action"]; see generally *Aetna Casualty & Surety Co. v. Humboldt Loaders, Inc.* (1988) 202 Cal.App.3d 921, 928 [affirmative relief does not include declaratory relief that mirrors a plaintiff's prayer for the same].) A party also does not change or expand the message—and hence does not seek "affirmative relief"—if she seeks redress for the manner in which the moving party delivered the message. Such redress attacks the messenger, not the message. That is why a party seeking costs is not seeking affirmative relief. (*Silverton v. Free* (1953) 120 Cal.App.2d 389, 389-390; *Berard Construction Co. v. Municipal Court* (1975) 49 Cal.App.3d 710, 716, fn. 5, superseded on other grounds by Civ. Code, § 1717.)

A party seeking attorney fees under section 271 is not seeking affirmative relief within the meaning of section 213 because the request for such fees is an attack on the messenger, not his message. That is because attorney fees under section 271, unlike attorney fees in many other contexts, are wholly "a sanction for conduct frustrating settlement or increasing the cost of litigation." (*Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1153; § 271, subd. (a) ["An award of attorney's fees and costs pursuant to this section is in the nature of a sanction."]; cf. § 2030 [family court may award attorney fees to "ensure that each party has access to legal representation"]; Cal. Rule of Court, rule 5.427

8

[delineating procedures for seeking fees under section 2030]; see also cf. *Rader v. Thrasher* (1972) 22 Cal.App.3d 883, 888 & fn. 5 [attorney fees may constitute "affirmative relief" when assessing whether the litigation privilege applies]; *Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 661-662 [same, when assessing whether one party has joined another's anti-SLAPP motion].)  What is more, because this sanction is necessarily *responsive* to the moving party's conduct in litigating his motion, allowing a court to consider the moving party's conduct at the same time as his motion without the need for a separately filed motion for fees also "avoid[s] possible duplicative, repetitious pleadings" (*Parsons v. Umansky* (1994) 28 Cal.App.4th 867, 872), thereby further serving section 213's goal of "saving time and expense."

Because wife's request for attorney fees under section 271 was not a request for "affirmative relief," she did not run afoul of section 213 by requesting those fees in her responsive pleadings.[5] And because this issue is one of first impression based on husband's colorable interpretation of the law, we deny wife's request that we order husband to pay her attorney fees on appeal as a sanction for filing an appeal that is "totally and completely without merit."  (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 826.)

---

[5]    Wife's requests for fees also satisfied the notice requirements for a fee award under section 271—namely, notice to husband of the code section and the "specific grounds and conduct for which the fees or sanctions are sought."  (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1529.) Husband does not contend otherwise.

9

## II.     Timeliness of Wife's Motion

A motion for statutory attorney fees related to a judgment in a dissolution case is timely only if filed "within the time for filing a notice of appeal"—that is, within 180 days of the entry of judgment or within 60 days of the requester's receipt of notice of entry of judgment, whichever happens first.  (Cal. Rules of Court, rules 3.10, 3.1702(b)(1), 8.104(a)(1).)  Husband argues that wife's February 2016 filing seeking attorney fees was untimely because it was filed more than 60 (or, for that matter, more than 180) days after the trial court entered its July 2015 order denying his motion to modify the child custody arrangement.  We reject this argument because it ignores that (1) wife requested attorney fees under section 271 three times *before* the trial court ruled on the modification motion, and (2) the court, when making its oral ruling on the modification, reserved jurisdiction over all related issues—including, as wife's attorney noted, attorney fees—for the family court "downtown" to resolve.  Although, as husband points out, the court's written order did not *also* reserve jurisdiction regarding attorney fees, the court's failure to repeat its oral reservation in writing does not somehow negate its oral ruling. (See *People v. Smith* (1983) 33 Cal.3d 596, 599 [a trial court's oral and written rulings must be "harmonized," if possible].)  All that wife's February 2016 motion did was *renew* her earlier and still pending requests for fees.  On these facts, the court's implicit finding that wife's fee request was timely in no way offends Rule 3.1702's goal of "provid[ing] time limits" for attorney fees motions.  (*Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 428.)  The pendency (and hence non-finality) of wife's earlier attorney fees requests also forecloses husband's argument that her

10

February 2016 request was barred by the doctrines of collateral estoppel and res judicata.

## DISPOSITION

The order is affirmed. Wife is entitled to her costs on appeal.

**CERTIFIED FOR PUBLICATION.**


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

11