Filed 2/22/22  Marriage of Wong and Lee CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re the Marriage of LISA WONG and BOSCHAL LEE. | B306936 |
| LISA WONG, Respondent, v. BOSCHAL LEE, Appellant. | (Los Angeles County Super. Ct. No. GD055619) |

APPEAL from an order of the Superior Court of Los Angeles County, Amy M. Pellman, Judge. Affirmed in part, reversed in part, and dismissed in part.

Boschal Lee, in pro. per., for Appellant.

No appearance for Respondent.

_____

In September 2014, respondent Lisa Wong filed for divorce from appellant Boschal Lee. After a court trial, the family court issued a judgment in September 2018 that resolved certain property division issues. Approximately one year later, Lee, through his former counsel, moved to vacate the judgment.

In response, Wong moved for monetary sanctions against Lee and his former attorney pursuant to Code of Civil Procedure section 128.5 (section 128.5), and she filed responsive declarations seeking a sanction against Lee under Family Code section 271. Lee subsequently took his motion to vacate off calendar. Upon hearing Wong's request for sanctions, the family court imposed (a) a $6,250 sanction against Lee pursuant to Family Code section 271, (b) a $15,000 sanction against Lee pursuant to section 128.5, and (c) a $10,000 sanction under section 128.5 against Lee's former counsel. Lee appeals from the sanctions order pro per, and Wong has not appeared in these proceedings.

We reverse the $15,000 sanction imposed on Lee because Wong did not comply with section 128.5's "safe harbor" provision. Specifically, the record reveals that Wong's request for sanctions was based on a memorandum of points and authorities that she did not serve upon Lee at least 21 days before she moved for sanctions. An award of sanctions under section 128.5 may not be imposed absent strict compliance with the safe harbor requirement.

We dismiss Lee's appeal of the award of sanctions against his former attorney for lack of jurisdiction because he does not have standing to challenge that aspect of the sanctions order.

We affirm the $6,250 sanction against Lee because Family Code section 213 did not bar Wong from requesting this relief in a

2

responsive declaration, Lee does not controvert the family court's finding that his motion to vacate simply reiterated arguments that the court had repeatedly rejected, Lee has not shown he suffered any prejudice from Wong's alleged failure timely to serve him with the family court's minute order and Wong's proposed sanctions order, and his remaining claims of error are either unpersuasive or have not been raised properly.

## PROCEDURAL BACKGROUND[1]

We summarize only those aspects of the procedural background that are relevant to our disposition of this appeal.

Wong and Lee were married on January 13, 1996, and on September 26, 2014, Wong filed for divorce. (*Wong II*, *supra*, B293892.) On August 25, 2015, Wong joined several claimants to the action, including Kracksmith, Inc. (Kracksmith), a corporation for which Lee has served as an officer. (*Id.*) After a court trial, the family court issued a judgment on September 19, 2018, which (among other things) invalidated a loan and a deed of trust held by Kracksmith, ordered that certain real property be sold, and awarded Wong a portion of the proceeds of the sale as equalization payments and to cover her attorney fees and costs. (See *Wong II*, *supra*, B293892.)

On September 19, 2019, attorney William Stocker filed motions on behalf of Kracksmith and Lee to vacate the judgment. Stocker noticed Kracksmith's motion for a hearing on

---

[1] Part of our Procedural Background is derived from the opinion we issued in this matter on June 29, 2021, as modified on July 15, 2021. (*In re Marriage of Wong & Lee* (July 15, 2021, B293892) [nonpub. opn.] (*Wong II*).) We, sua sponte, take judicial notice of the *Wong II* opinion. (Evid. Code, §§ 452, subd. (d), 459.)

December 6, 2019, whereas Stocker noticed Lee's motion for a hearing on December 16, 2019.[2]

On November 20, 2019, Wong filed a memorandum of points and authorities in opposition to Kracksmith's motion; a two-page notice of motion for sanctions in the amount of $25,000 against Stocker, Lee, and Kracksmith pursuant to section 128.5 on account of their motions to vacate the judgment; and a responsive declaration seeking this $25,000 sanction under section 128.5 against Stocker, Lee, and Kracksmith, along with a $6,250 sanction against Lee and Kracksmith pursuant to Family Code section 271.[3] Wong noticed her sanctions motion to be heard on December 6 and 16, 2019.

On November 27, 2019, the family court continued the December 6, 2019 hearing to February 18, 2020, and it continued the December 16, 2019 hearing to February 27, 2020.

---

[2] Lee claims that "[a]round October 2019, [Lee's] attorney William Stocker[,] retired and a new attorney, Edward Torres[,] represented [Lee,]" and that "Stocker has not appeared or been notified of any further action in this case since his exit in October 2019." Lee does not provide any record citation to support these assertions.

[3] "When one party to a marital dissolution moves to modify an existing court order in that proceeding, [Family Code] section 213 authorizes the other party to file a responsive declaration. In that responsive declaration, the party may oppose the modification and, if she desires, may 'seek affirmative relief,' but only if that affirmative relief is 'alternative to that requested by the moving party' *and* 'on the same issues raised by the moving party.' [Citation.]" (*In re Marriage of Perow & Uzelac* (2019) 31 Cal.App.5th 984, 989–990, quoting Fam. Code, § 213, subd. (a).)

On February 13, 2020, Wong filed another responsive declaration seeking the same relief as the responsive declaration she had filed on November 20, 2019. Also on that date, Wong filed a notice of motion for sanctions under section 128.5 that was identical to the one filed on November 20, 2019, except the hearing dates were changed to February 18 and 27, 2020.

On February 14, 2020, Kracksmith and Lee took their motions to vacate off calendar.

The family court heard Wong's request for sanctions on February 18 and 27, 2020. On February 27, 2020, the family court imposed a $6,250 sanction against Lee and in favor of Wong under Family Code section 271, ordered Lee to pay Wong's counsel a $15,000 sanction under section 128.5, ordered Stocker to pay a $10,000 sanction to Wong's counsel under section 128.5, and directed Wong's counsel to prepare a written order for the hearing. On June 1, 2020, the family court issued an order prepared by Wong's counsel that memorialized the family court's February 27, 2020 rulings.[4] Lee timely appealed the June 1, 2020 order.[5]

---

[4] Lee intimates that the issuance of the June 1, 2020 sanctions order was delayed in part due to court closures caused by the Covid-19 pandemic. This assertion does not impact our resolution of the instant appeal.

[5] We, sua sponte, take judicial notice of the family court's case summary as of February 3, 2022. (See Evid. Code, §§ 452, subd. (d), 459.) That case summary indicates that Stocker did not file a notice of appeal challenging the June 1, 2020 sanctions order. Additionally, it is unclear whether Stocker received any notice of the $10,000 sanction imposed upon him, because he did not appear at the February 18 and 27, 2020

## STANDARD OF REVIEW

Wong did not file an appellate brief. Nevertheless, Lee still bears the "burden [of] show[ing] that the trial court committed reversible error. ' "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." ' [Citation.]" (*Yu v. University of La Verne* (2011) 196 Cal.App.4th 779, 787 (*Yu*); see also Cal. Rules of Court, rule 8.220(a)(2) [providing that if no respondent's brief is filed, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant"].)

As a general rule, an error of state law does not warrant reversal unless the appellant shows that " ' "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." [Citation.] . . . [Citation.]' [Citation.]" (See *Conservatorship of Maria B.* (2013) 218 Cal.App.4th 514, 532.) Additionally, "[t]he rules of appellate procedure," which obligate an appellant, among other things, to affirmatively demonstrate reversible error, "apply to [Lee] even though he is representing himself on appeal." (See *Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595; see also *Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 721 (*Parkford Owners for a Better Community*) ["[T]he ultimate burden of demonstrating

---

hearings, and there is no indication in the record before us that he was served with the June 1, 2020 order.

reversible error *is always* on the appellant," italics added].)

## DISCUSSION

**A.    The Family Court Erred in Imposing the $15,000 Sanction Against Lee Because Wong Did Not Comply with Section 128.5's Safe Harbor Requirement**

Lee argues we must reverse the $15,000 sanction against him pursuant to section 128.5 because Wong failed to comply with that statute's "21-day safe harbor" requirement.  For the reasons discussed below, we agree.

Section 128.5, subdivision (a) provides in relevant part:  "A trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 128.5, subd. (a).)[6]  Subdivision (f) provides that sanctions may be awarded under this statute only if certain "conditions and procedures" have been satisfied.  (See *id.*, subd. (f).)  One of those conditions is the safe harbor procedure provided in subdivision (f)(1)(B):  "If the alleged action or tactic is

_____

[6]  In Lee's opening brief and Wong's trial court briefing, the parties assume that the current version of section 128.5 applies to Wong's request for the $15,000 sanction against Lee. Accordingly, for the purposes of this appeal, we assume that the current version of the statute governs our review of the sanctions order.  (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 (*Artal*) [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.  [Citations.]'  [Citations.]"].)

7

the making or opposing of a written motion or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading that can be withdrawn or appropriately corrected, a notice of motion shall be served as provided in [Code of Civil Procedure s]ection 1010, but shall not be filed with or presented to the court, unless 21 days after service of the motion or any other period as the court may prescribe,[7] the challenged action or tactic is not withdrawn or appropriately corrected." (Code Civ. Proc., § 128.5, subd. (f)(1)(B).)

"The safe harbor period is 'designed to be remedial, not punitive.' [Citation.]  It was 'intended to foster compliance . . . and to conserve judicial resources otherwise spent adjudicating a sanctions motion by affording a prescribed period of time during which a party may correct or withdraw a frivolous or improper pleading or motion without any penalty.' [Citations.]" (*CPF Vaseo Associates, LLC v. Gray* (2018) 29 Cal.App.5th 997, 1003 (*CPF Vaseo Associates, LLC*).)

The current version of the safe harbor provision of section 128.5 "generally mirror[s]" that of Code of Civil Procedure section 128.7.[8]  (See *CPF Vaseo Associates, LLC*, *supra*,

---

[7] During the proceedings below, Wong's counsel conceded that "the 21 day statutory 'safe harbor[,]' " and not a shortened safe harbor period, governed Wong's request for sanctions under section 128.5.  (See *Artal*, *supra*, 111 Cal.App.4th at p. 275, fn. 2 [noting that a reviewing court may deem a party's argument as an admission against that party].)

[8] Code of Civil Procedure section 128.7, subdivision (c)(1) provides in pertinent part:  "Notice of motion shall be served as provided in [Code of Civil Procedure s]ection 1010, but shall not be filed with or presented to the court unless, within 21 days after service of the motion, or any other period as the court may

29 Cal.App.5th at pp. 1002–1004.)  Under both safe harbor provisions, " 'substantial compliance' " is not "enough"; rather " '[s]trict compliance with the statute's notice provisions serves its remedial purpose and underscores the seriousness of a motion for sanctions.' [Citation.]"  (See *id.* at p. 1007.)  Thus, "the papers to be served on the opposing party . . . must be *the same papers* that are ultimately filed with the court no less than 21 days later.' [Citations.]"  (See *ibid.* at p. 1007, italics added.)  For instance, a party violated section 128.7's safe harbor requirement by filing a sanctions motion supported by documents that were not included with the motion she had served on the opposing party at the beginning of the safe harbor period—i.e., a "supplemental points and authorities" and additional supporting evidence.  (See *Hart v. Avetoom* (2002) 95 Cal.App.4th 410, 412–414.)

Ordinarily, "[a]n order awarding attorneys' fees pursuant to [Code of Civil Procedure] section 128.5 . . . is reviewed under the abuse of discretion test."  (See *Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450.)  Because the validity of the $15,000 sanctions award hinges on whether Wong complied with the safe harbor provision, and that question does not call for the resolution of any factual disputes, our review is de novo.  (See *CPF Vaseo Associates, LLC*, *supra*, 29 Cal.App.5th at p. 1005 ["Since '[t]here is no factual dispute that [the movants] filed and served [their] request for sanctions on the same date,' the issue of compliance with the safe harbor provision 'presents a pure question of law . . . .' [Citations.]"]; *Shewry v. Begil* (2005)

---

prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." (Code Civ. Proc., § 128.7, subd. (c)(1).)

9

128 Cal.App.4th 639, 642 ["Matters presenting pure questions of law, not involving the resolution of disputed facts, are subject to de novo review."].)

Wong's November 20, 2019 filings indicate that her request for sanctions was supported by not just the two-page notice of motion she filed on that date, but also by a concurrently filed memorandum of points and authorities offered in opposition to Kracksmith's motion to vacate. Specifically, Wong filed a "responsive declaration to request for order," which sought a $6,250 sanction against Lee and Kracksmith pursuant to Family Code section 271; and a $25,000 sanction against Lee, Kracksmith, and Stocker pursuant to section 128.5. (Capitalization & boldface omitted.) The responsive declaration stated it was supported by, inter alia, the notice of motion for sanctions and the memorandum of points and authorities "filed concurrently herewith."

In that memorandum of points and authorities, Wong opposed Kracksmith's motion and argued the family court should impose the aforesaid sanctions on Lee, Kracksmith, and Stocker because they sought to "re-litigate the same claims and objections that were previously made and rejected by" the family court. (Boldface & some capitalization omitted.) In particular, Wong argued that "[s]ince the trial concluded in April 2018, [Lee] and Claimants have tried numerous times to set aside the judgment or change the court's ruling," and that "no matter which party filed the pleading, they all appear to have been written by the same person and make the same arguments." In support of this argument, Wong identified nine filings submitted by either Lee or other parties after the April 2018 trial but before Kracksmith and Lee had moved to vacate the judgment.

10

The record shows that Wong did not serve this memorandum of points and authorities on Lee at least 21 days before she filed it. On November 20, 2019, Wong's counsel filed a declaration, wherein the attorney attested that her staff served the two-page notice of motion for sanctions on Stocker on October 21, 2019 in order to comply with section 128.5's safe harbor provision. Wong's counsel did not claim, nor did any of the other documents she filed in support of the request for sanctions indicate, that she or her staff served Lee (either directly or through counsel) with the memorandum of points and authorities at least 21 days before November 20, 2019. Therefore, Wong failed to comply with section 128.5's safe harbor requirement.

Furthermore, Wong's refiling of the two-page notice of motion on February 13, 2020 does not remedy her prior failure to comply with the safe harbor requirement.[9] Although Wong had served and filed the memorandum of points and authorities on November 20, 2019 (i.e., more than 21 days before she refiled the notice of motion), Lee could not have avoided the imposition of sanctions by withdrawing his motion to vacate within the 21-day period preceding February 13, 2020. This is because Wong never

_____

[9] Concurrent with her refiling of the two-page notice of motion on February 13, 2020, Wong filed another responsive declaration, which sought the same relief as the responsive declaration filed on November 20, 2019, along with a request for judicial notice of: (a) Wong's November 20, 2019 filings (including the memorandum of points and authorities) and (b) a document relating to a state bar proceeding against Stocker. Also on that date, Wong filed a proof of service indicating she served Lee's counsel with the new responsive declaration, notice of motion for sanctions, and request for judicial notice.

11

actually withdrew the sanctions motion she filed on November 20, 2019, meaning it was still pending when Wong refiled the notice of motion. Wong's decision to refile the notice of motion simply had the effect of reiterating that the pending sanctions motion would be heard on February 18 and 27, 2020. Under these circumstances, allowing the February 13, 2020 refiling of the notice of motion to cure Wong's prior noncompliance with the safe harbor provision would undermine the remedial purpose of section 128.5. (See *CPF Vaseo Associates, LLC*, *supra*, 29 Cal.App.5th at p. 1003 [noting the purpose of the safe harbor provision is to allow a party to " 'correct or withdraw a frivolous or improper pleading or motion without any penalty' "]; see also *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 83 [" 'In construing a statute, our task is to ascertain the intent of the Legislature *so as to effectuate the purpose of the enactment*[,]' " italics added].)

In conclusion, we find the family court erred in ordering Lee to pay $15,000 in sanctions under section 128.5 because Wong failed to comply with the statute's safe harbor provision. For that reason, we reverse that aspect of the family court's June 1, 2020 order without addressing Lee's other challenges to the $15,000 sanction against him.

## B.    We Dismiss Lee's Appeal of the $10,000 Sanction Imposed Against Stocker

" '[A]n appeal may be taken only by a party who has standing to appeal. [Citation.] This rule is jurisdictional. [Citation.]' [Citation.]" (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67.) To have standing to appeal, a party must be " '*aggrieved*[,]' " meaning his or her " ' "rights or interests are injuriously affected by the judgment [or appealable order]." ' "

(See *ibid.*) "Injurious effect *on another party* is insufficient to give rise to appellate standing. A 'party cannot assert error that injuriously affected only nonappealing coparties.' [Citation.]" (*Id.* at pp. 67–68.)

An appellant bears the burden of establishing standing to appeal. (See *Conservatorship of Gregory D.*, *supra*, 214 Cal.App.4th at p. 69 ["Absent a showing by [appellant] that she is injuriously affected by the trial court's order, she lacks standing to appeal."].) If the appellant fails to discharge that burden, the appeal must be dismissed. (See *id.* at pp. 64, 69.)

Lee claims that the provision of the June 1, 2020 order requiring Stocker (his former trial counsel) to pay $10,000 must be reversed as violative of Stocker's due process rights. Lee makes no attempt to show that *his own rights* were in some way injuriously affected by this sanction against *Stocker*. Accordingly, we dismiss Lee's appeal of the $10,000 sanction against his former attorney.[10]

## C.  Lee Fails to Establish that Family Code Section 213 Barred Wong from Requesting Sanctions in a Responsive Declaration

Lee contends that Family Code section 213, subdivision (a) barred Wong from requesting sanctions under Family Code section 271 in a responsive declaration. Lee seems to argue that Wong needed instead to seek sanctions in a noticed motion that complied with all procedures governing motions for sanctions under Family Code section 271, including that it be accompanied by a memorandum of points and authorities and a request for

---

[10] We express no opinion on whether Stocker may seek relief from the $10,000 sanction in the family court.

13

order, and that the moving papers be served at least 16 days before the hearing. Because Lee's claim of error presents a question of statutory interpretation, it is subject to de novo review. (See *In re Marriage of Perow & Uzelac*, *supra*, 31 Cal.App.5th at p. 989.)

Family Code section 213, subdivision (a) provides: "In a hearing on an order to show cause, or on a modification thereof, or in a hearing on a motion, other than for contempt, the responding party may seek affirmative relief alternative to that requested by the moving party, on the same issues raised by the moving party, by filing a responsive declaration within the time set by statute or rules of court." (Fam. Code, § 213, subd. (a).) Construing this statutory language, Division Two of this court held that "[a] party seeking attorney fees under [Family Code] section 271 is not seeking affirmative relief within the meaning of [Family Code] section 213 . . . ." (*In re Marriage of Perow & Uzelac*, *supra*, 31 Cal.App.5th at p. 991.) Accordingly, Wong's request for fees under Family Code section 271 could be raised in a responsive declaration, rather than in a separate motion comporting with all procedural formalities applicable to motions for sanctions authorized by that statute. (See *In re Marriage of Perow & Uzelac*, at pp. 986–987, 990–992.)

## D. Lee Fails to Establish the Family Court Abused Its Discretion in Awarding Wong $6,250 Under Family Code Section 271

Family Code section 271 provides in pertinent part: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where

14

possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction." (Fam. Code, § 271, subd. (a).)

"We review an award of attorney fees and costs under [Family Code] section 271 for abuse of discretion. [Citation.] 'Accordingly, we will overturn such an order only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order. [Citations.]' [Citation.]" (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 291.)

Lee argues that the family court imposed sanctions upon him based solely on the fact that he had been declared a vexatious litigant and had not obtained prefiling approval for his motion to vacate, notwithstanding the fact that he filed this motion through counsel. Lee also contends that Wong's request for sanctions was supported by only her two-page notices of motion for sanctions, which provided "no facts or legal arguments to support her request for sanctions." Lee is mistaken.

Wong filed a responsive declaration on November 20, 2019, and another on February 13, 2020, both of which sought sanctions against Lee in the amount of $6,250 under Family Code section 271. Each responsive declaration also indicated Wong's request was based on the memorandum of points and authorities filed on November 20, 2019. As we explained in Discussion, part A, *ante*, this memorandum of points and authorities argued Lee should have been sanctioned because he sought to "re-litigate the same claims and objections that were previously made and rejected by" the family court.

Furthermore, although the family court did suggest at the February 18, 2020 and February 27, 2020 hearings that it believed Lee's vexatious litigant status required him to obtain leave of court before his counsel could move to vacate the judgment, the court also made statements demonstrating it agreed with Wong that Lee should be sanctioned for repeatedly raising the same arguments to challenge the family court's judgment. Specifically, the court explicitly found at the February 18, 2020 hearing that Lee had "frustrated the policy of law to promote settlement of litigation . . . by filing frivolous requests . . . ." At the February 27, 2020 hearing, the family court once again found that Lee had made "frivolous" requests, stated that he was "making the same arguments over and over again," and concluded that Lee "has engaged in excessive, unreasonable and burdensome litigation . . . . for the very purpose of harassing [Wong]." Because it is apparent that the family court's order awarding Wong $6,250 under Family Code section 271 is predicated on a finding that Lee's motion to vacate the judgment was a frivolous attempt to rehash arguments that had been consistently rejected by the court, we may affirm on that basis without addressing whether Lee was required to obtain leave of court before filing that motion. (See *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 513 ["We need not address [the other reasons given by the trial court in support of its ruling], as one good reason is sufficient to sustain the order from which the appeal was taken."].)

Lee seems to argue the family court could not sanction him for reasserting arguments previously raised and rejected because Wong had referred to the prior filings "in her request for attorney fees in the underlying September 19th, 2018 judgment . . . ." He

16

thus claims that "Res Judicata" barred Wong from citing those filings to show that Lee's motion to vacate was frivolous. We reject this argument because Lee does not support it with any citation to authority. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*) [" ' "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' [Citation.]"].)

Lee also points out that several of these prior filings were submitted by other parties, and contends that they had "not been ruled as frivolous" or conduct that " 'frustrat[ed] the policy of the law to promote settlement of litigation' " for the purposes of Family Code section 271. (Quoting Fam. Code, § 271.) Lee does not explain the supposed relevance that either of these assertions would have on whether the family court could sanction him for reasserting previously rejected arguments, nor is it apparent to us that his contentions impugn the lower court's ruling. Thus, we do not address these issues further. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*) ["We may and do 'disregard conclusory arguments that . . . fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' [Citation.]"].)

In addition, the indices for the two clerk's transcripts for this appeal indicate that the record before us does not contain any of the prior filings Wong cites to establish that Lee's motion was frivolous. Accordingly, Lee cannot show the family court abused its discretion in finding that his motion to vacate merely repeated arguments that had already been rejected by the court. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 [" ' "[I]f any matters could have been

presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] . . . 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' [Citation.]"].)

For the foregoing reasons, we conclude Lee has failed to rebut the presumption that the family court did not abuse its discretion in awarding Wong $6,250 under Family Code section 271. (See *Yu*, *supra*, 196 Cal.App.4th at p. 787 [" ' "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. . . ." ' [Citation.]"].)

**E.  Lee Does Not Demonstrate that Wong's Alleged Failure to Serve Him with Notice of the Court's February 27, 2020 Minute Order or Comply with California Rules of Court, Rule 5.125 Gives Rise to Reversible Error**

Lee argues that, even though the family court ordered Wong to provide him with notice of the minute order issued in connection with the February 27, 2020 hearing, Wong failed to do so. He also claims that because Wong did not serve him with her proposed order within 10 calendar days of the February 27, 2020 hearing,[11] he was unable to exercise his right under California Rules of Court, rule 5.125(c) to serve an objection thereto within

---

[11]  Lee asserts "[Wong's] counsel wait[ed] 22 days after the hearing before mailing her Proposed Order After Hearing" to him.

18

20 calendar days of the hearing.[12]  As discussed below, Lee fails to discharge his obligation to show that these alleged errors warrant reversal of the sanctions order.  (See *Parkford Owners for a Better Community*, *supra*, 54 Cal.App.5th at p. 721.)

First, Lee does not allege, let alone demonstrate, that he was prejudiced by Wong's supposed failure to serve him with notice of the February 27, 2020 minute order.  Lee timely filed a notice of appeal (see Procedural Background, *ante*), and Lee does not identify any other prejudice resulting from Wong's purported failure to serve him with notice of the February 27, 2020 minute order.  (See *Conservatorship of Maria B.*, *supra*, 218 Cal.App.4th at pp. 532–533 [holding that an error is harmless under state law unless the appellant makes "an 'affirmative showing'" that " ' "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error" ' "].)

---

[12]  Lee also complains that, "[a]s the dates within the proposed order had already passed by the time [Wong's] counsel mailed her proposed order, [Lee] was prejudiced by [Wong's] counsel's violation of CRC Rule 5.125."  It appears Lee is arguing that had he been served with the proposed order within 10 calendar days of the February 27, 2020 hearing (meaning Wong adhered to the deadline set by Cal. Rules of Court, rule 5.125(b)), then he could have raised an objection thereto before the March 2, 2020 deadline for him to begin paying the sanctions.  This argument is not well-founded.  Even if Wong had served Lee with the proposed order within 10 calendar days of the February 27, 2020 hearing (i.e., by March 8, 2020), Lee still could have received the proposed order after the March 2, 2020 payment deadline.

Regarding Wong's supposed failure to comply with California Rules of Court, rule 5.125(b)'s 10-calendar day deadline for serving the proposed order on him, Lee asserts that this document "deviated from the court's findings per February 27, 2020 hearing [*sic*]." Yet, he fails to identify any aspect of the proposed order that differs from the trial court's oral rulings made at the hearing.

Lee further claims that Wong's alleged failure to comply with California Rules of Court, rule 5.125(b) "deprived [Lee of] the ability to address the lack of evidence to support specific tactics and actions as alleged by [Wong] as frivolous." Lee seems to misapprehend the purpose of the objection procedure at issue. California Rules of Court, rule 5.125(c) provides that before a party may serve objections to a proposed order, he or she "must review [it] to determine if it accurately reflects the orders made by the court . . . ." (See Cal. Rules of Court, rule 5.125(c).) Thus, it is apparent that the type of objection authorized by this rule would not have afforded Lee an opportunity to relitigate the merits of Wong's request for sanctions.

In sum, Lee has not established that Wong's supposed failure to provide him with notice of the trial court's February 27, 2020 minute order or comply with California Rules of Court, rule 5.125's procedural requirements amounts to reversible error.

## F.     Lee's Remaining Claims of Error Fail

Lee asserts several additional claims of error. In particular, Lee contends that Wong's request for sanctions under Code of Civil Procedure section 128.5 and Family Code section 271 was "unripe/premature" because the family court did not deny his motion to vacate the judgment, given that Lee had

taken it off calendar before the court could hear it. Lee waives this argument because he fails to cite any authority establishing that a party may evade an award of sanctions under Family Code section 271 by taking an allegedly frivolous motion off calendar.[13] (See *Cahill*, *supra*, 194 Cal.App.4th at p. 956 [" 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' ' [Citation.]"].)

Lee further argues that the $6,250 award of sanctions against him under Family Code section 271 was excessive. Lee claims that Wong did not "provide any invoices in support of her claim for attorney fees . . . ." Yet, Wong's counsel's declaration asserted that "the total attorney's fees estimated and requested by [Wong] associated with this matter is $6,250," and the attorney itemized "the fees and costs charged to" Wong in that declaration. (Boldface omitted.) By omitting from his briefing any explanation as to why this declaration did not support the sanction award, Lee has failed to discharge his burden of affirmatively demonstrating the award lacked a sufficient evidentiary basis. (See *Yu*, *supra*, 196 Cal.App.4th at p. 787.) Lee waives the remainder of this claim of error because he fails to cite any legal authority demonstrating the award was excessive. (See *Cahill*, *supra*, 194 Cal.App.4th at p. 956.)

Lee also complains that he was deprived of his due process right to a fair and impartial judge when, at an October 16, 2020 hearing, the family court denied his motion to vacate the

---

[13] As we explained in Discussion, part A, *ante*, aside from his claim of error concerning section 128.5's safe harbor provision, we do not address Lee's challenges to the $15,000 sanction imposed under that statute.

June 1, 2020 order, denied his request to stay the execution of the June 1, 2020 order, and imposed a new $5,000 sanction against him. In support of this due process claim, Lee seems to argue that the family court was unprepared for the hearing, did not permit Lee to offer oral argument on his motion, "allowed opposing counsel to mislead" the court that Lee's motion sought to vacate the underlying judgment instead of the prior sanctions order, and "sanctioned [Lee] $5,000[,] stating [in a] conclusory [fashion] that his motion was frivolous" even though he had obtained leave from the presiding judge to file it.

It is not altogether clear to us that this due process claim is within the scope of Lee's appeal of the June 1, 2020 order.[14] (See *Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073 [" 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.]"].) Even if we could consider this claim, it would fail because "[t]he mere fact that the [family] court issued rulings adverse to [Lee] on several matters in this case, even assuming one or more of those rulings were erroneous," is insufficient to establish a violation of his "due process right to an impartial judge."[15] (See *Brown, supra,* 224 Cal.App.4th at pp. 673–675; see

---

[14] Although the notice of appeal also purports to seek review of a June 1, 2020 order that purportedly "grant[ed] or den[ied] a special motion to strike," no such ruling was entered on that date.

[15] Lee's assertion the family court barred him from offering oral argument falls short of establishing a due process violation because he "does not claim . . . that the [family] court was required to grant [his] request" to present argument at the hearing. (See *Brown v. American Bicycle Group, LLC* (2014)

also *id.* at p. 674 [" 'While we conclude the court erred in several respects, the leap from erroneous rulings to the appearance of bias is one we decline to make.' "].)

Lee did not raise properly any other claims of error. For instance, Lee apparently argues that the portion of the June 1, 2020 order requiring him to pay $15,000 directly to Wong's attorney evidences that her counsel had an allegedly improper contingency fee arrangement with Wong, which supposedly put Lee at a tactical disadvantage during the family court proceedings. Lee fails to explain what bearing, if any, these allegations have on the validity of the $6,250 sanction. Because Lee's assertion that Wong "unreasonably refused [to respond to] discovery requests that would [have] further support[ed Lee's] motion to vacate the judgment" is similarly vague and underdeveloped, we decline to address it as well. Lastly, to the extent Lee has raised any contentions not otherwise addressed in this opinion, they fail because they are unsupported by cogent argument. (See *Hernandez*, *supra*, 37 Cal.App.5th at p. 277 [" '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis . . . .' [Citation.] 'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.' [Citations.] We may and do 'disregard conclusory arguments that . . . fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' [Citation.]"].)

---

224 Cal.App.4th 665, 674–675 & fn. 15 (*Brown*) [rejecting a due process claim for that reason].)

## DISPOSITION

The family court's June 1, 2020 order is reversed only insofar as it imposed a $15,000 sanction on appellant Boschal Lee pursuant to Code of Civil Procedure section 128.5.  We dismiss Lee's appeal of the $10,000 sanction against William Stocker for lack of appellate jurisdiction.  In all other respects, the June 1, 2020 order is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



CHANEY, J.