Filed 6/3/25  Marriage of Kapila and Deshmukh CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of NIDHIKA KAPILA and NIRAJ DESHMUKH. | |
| NIDHIKA KAPILA,<br><br>        Appellant,<br><br>v.<br><br>NIRAJ DESHMUKH,<br><br>        Respondent. | A170589<br><br>(Alameda County<br>Super. Ct. No. HF17847696) |

Nidhika Kapila (Wife) appeals from the trial court's orders granting respondent Niraj Deshmukh's (Husband) request for Family Code section 271[1] sanctions, and denying Wife's request for section 271 sanctions.  We reverse and remand both orders.

BACKGROUND

The parties were married in 2008 and had two children when the dissolution petition was filed in 2017.  A status-only judgment issued in December 2017 with jurisdiction reserved over all remaining issues.[2]

---

[1] All undesignated statutory references are to the Family Code.

[2] A trial on reserved issues was held in April 2023 and judgment issued in March 2024, with jurisdiction reserved over child and spousal support.

1

In June 2022, the court issued a stipulated support order pursuant to which Husband paid Wife a monthly amount of child support and no spousal support. In July 2023, Husband filed a request to modify the child support order because he had been laid off from his job. A hearing was set for October.

In August 2023, Wife filed her own request to change the support order, seeking an increase in child support and the establishment of spousal support because she also had been laid off. In a supporting declaration, Wife averred multiple times that she had not received severance pay when she was laid off.

In an October 2023 responsive declaration to Wife's request, Husband averred that he had started a new job with a higher salary, agreed to an increase in child support, and requested spousal support be reserved. Husband noted that Wife "claims she did not receive a severance package; however, I have no way to confirm whether this is accurate or not."

Wife subsequently submitted a responsive declaration to Husband's July 2023 request. Wife again averred that she had received no severance pay. Among other relief, she requested section 271 sanctions due to Husband's request to modify child support, his failure to earlier disclose his layoff and new employment, and his failure to meet and confer about modifying child support.

At the October 2023 hearing, the court temporarily modified child support upwards, reserved the issue of spousal support, and reserved Wife's request for sanctions. The matter was continued to January 2024.

In December 2023, Husband filed a motion for section 271 sanctions. Husband averred that he had subpoenaed records from Wife's former employer and received those records after the October hearing. Because of confidentiality provisions in Wife's severance agreement, Husband did not

disclose the contents of the records but stated he would bring them to the next court hearing. Husband requested $50,000 in sanctions. Husband's motion submitted redacted communications with Wife's attorney about the documents produced pursuant to the subpoena. In these communications, it appeared that shortly after being provided with the documents, Wife's attorney informed Husband's attorney she would be filing a motion to withdraw as Wife's counsel. Wife's attorney subsequently filed a motion to withdraw and Wife substituted in as representing herself. Wife filed a responsive declaration in propria persona, in which she averred that she did not previously reveal her severance because of confidentiality provisions, but now that Husband had subpoenaed the agreement, she was willing to state that her former employer agreed to pay her five months' salary as severance pay.

At the January 2024 hearing, Wife, acting in propria persona, represented that she would be starting a new job shortly. After argument on modification of child support and spousal support, the court continued the matter to April. The court directed the parties to file updated income and expense declarations by mid-March.

In an update filed in advance of the continued hearing, Husband's counsel represented that Wife received more than $80,000 in severance pay, with the first half received in August 2023 and the second half to be received in January 2024. The update attached a copy of an August 2023 pay stub documenting that the first half of Wife's severance was received on August 30, 2023. Wife subsequently testified that she received the remainder of the severance in January 2024.

At the April 2024 hearing (presided over by a different bench officer), Wife testified she did not disclose her severance pay because the severance

3

agreement contained confidentiality provisions, she had to return her former employer's equipment before she received severance which delayed the payment, she is dyslexic and just signed the papers her former attorney gave her without reading them, and she knew her severance would be accounted for at a true-up hearing. The court found Wife was "not credible. You have spun around in circles and I have given you ample opportunity to explain yourself. . . . [Y]ou have committed a fraud on not only the opposition but this court." The court further found that Wife's conduct "frustrated the policy of law that promotes settlement of litigation." The court ordered Wife pay Husband $50,000 in sanctions.

The court denied Wife's request for sanctions because "[t]he request was made in a responsive declaration which is allowed only if they had asked for [section] 271 sanctions to begin with which they did not." This appeal followed.

DISCUSSION

I.    *Legal Background*

"[S]ection 271 authorizes the trial court to award attorney's fees and costs based 'on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction.' (§ 271, subd. (a).) The purpose of the statute is ' " 'to promote settlement and to encourage cooperation which will reduce the cost of litigation.' [Citation.]" ' [Citation.] [¶] 'Section 271 " 'authorizes sanctions to advance the policy of promoting settlement of litigation and encouraging cooperation of the litigants' and 'does not require any actual injury.' [Citation.] Litigants who

4

flout that policy by engaging in conduct that increases litigation costs are subject to imposition of attorney fees and costs as a section 271 sanction." ' " (*Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1152 (*Sagonowsky*).)

" 'The imposition of sanctions under section 271 is committed to the sound discretion of the trial court. The trial court's order will be upheld on appeal unless the reviewing court, "considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, [concludes] no judge could reasonably make the order." ' " (*Sagonowsky*, *supra*, 6 Cal.App.5th at p. 1152.)

II.      *Husband's Request for Sanctions*

Wife argues the trial court erred in granting Husband's request for sanctions because Wife did not engage in sanctionable conduct and because the amount of sanctions was not tethered to attorney fees and costs. We reject the former contention but agree with the latter.

With respect to whether her conduct was sanctionable, Wife points to her testimony that she believed she could not disclose the severance agreement because of confidentiality provisions, she was dyslexic and just signed papers her attorney gave her, and she knew the severance would be accounted for at a true-up hearing. The trial court expressly found Wife was not credible. "Appellate courts 'do not reweigh evidence or reassess the credibility of witnesses. [Citation.]' [Citation.] Put another way, '[t]he Court of Appeal is not a second trier of fact . . . .' " (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531.) Wife has failed to establish the trial court abused its discretion in finding her conduct sanctionable.

With respect to the amount of sanctions awarded, both parties agree the amount must be tethered to attorney fees and costs. "The plain language of section 271 authorizes the court to impose 'attorney's fees and costs' as a

5

sanction for conduct frustrating settlement or increasing the cost of the litigation. . . . Section 271 'means what it says'—sanctions available under the statute are limited to 'attorney fees and costs.' " (*Sagonowsky*, *supra*, 6 Cal.App.5th at p. 1153.) Courts have reversed section 271 awards where the amount of the sanction is untethered to attorney fees and costs. (See *Sagonowsky*, at p. 1156 ["the plain language of section 271 did not authorize the court to award [certain amounts] because those amounts bear no relationship to [the opposing party's] attorney fees and costs"]; *Menezes v. McDaniel* (2019) 44 Cal.App.5th 340, 352 (*Menezes*) ["[T]he court's order sanctioning Wife $200,000 lacks detail that allows us to track the award to the evidence in the record. Because there is not sufficient evidence demonstrating $200,000 tethered to charged or anticipated attorney fees and costs, we must remand the matter for further consideration."].) As Husband argues, however, "the party seeking sanctions pursuant to section 271 need not establish with great precision an amount directly caused by the improper conduct. [Citation.] In part, this flexibility exists because the misconduct may increase attorney fees in ways that are indirect and difficult to prove." (*Sagonowsky*, at pp. 1155–1156.)

Husband's written request for sanctions did not include evidence about attorney fees or costs incurred, and did not otherwise explain the basis for the $50,000 request, although it did describe acts taken by counsel in subpoenaing Wife's former employer and communicating with Wife's former counsel about the subpoena. At the April 2024 hearing, Husband's counsel represented that the amount requested was based on a desire to change Wife's litigation conduct: "When we were writing this declaration with the client and everything else we had to put a sticker number down for sanctions. I remember we're all talking. Five thousand? What's that gonna do? Ten

6

thousand? Is that going stop her? Twenty, 30,000? Nothing seems to stop [Wife]. She will keep doing what she's doing and even after today, Your Honor, I will bet you tickets to a Giants game maybe that even after you sanction her today we're going to be back and she's going to do the same thing. [¶] We threw down $50,000 in sanctions." The trial court's oral and written orders do not explain the basis for the amount of the sanctions awarded.

On appeal, Husband points to income and expense declarations showing he paid more than $175,000 in attorney fees and costs between February 2023 and January 2024. Husband argues that the $50,000 sanction was properly based on this information. We disagree. The income and expense declarations show only the total amount of fees and costs paid during this time—a time period that included a four-day trial on reserved issues. More significantly, there is no indication in the record that the trial court relied on this information in determining the sanction amount.[3]

Husband also points to authority that "[d]irect evidence of the reasonable value of an attorney's services need not be introduced 'because such evidence is necessarily before the trial court which hears the case.'" (*In re Marriage of McQuoid* (1991) 9 Cal.App.4th 1353, 1361; see also *In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 280 [" 'The California courts have repeatedly held that testimony or other direct evidence of the reasonable value of attorney's services need not be introduced because such evidence is necessarily before the trial court which hears the case.' [Citation.] 'The knowledge and experience of the trial judge afford a

---

[3] For this reason, we reject Husband's argument that Wife's failure to include the income and expense declarations as part of the appellant's appendix forfeits her challenge.

sufficient basis for fixing the amount of a lawyer's fee, even though there was no specific evidence on the subject.' "].) Wife argues that these cases do not involve section 271 awards, but fails to explain why the general principle is not equally applicable here. However, again, there is no indication in the record that the trial court relied on its own determination of the reasonable value of Husband's attorney's services incurred as a result of Wife's sanctionable conduct.

Because we cannot reasonably infer from the record that the basis of the court's $50,000 award is tethered to attorney fees and costs, we will remand for the court to identify an award that is so tethered. (See *Menezes*, *supra*, 44 Cal.App.5th at pp. 351, 352 [where "court did not detail the basis for its $200,000 award" such that "there is not sufficient evidence demonstrating $200,000 tethered to charged or anticipated attorney fees and costs, we must remand the matter for further consideration"].)

III. *Wife's Request for Sanctions*

Wife argues the trial court erred in denying her sanctions request solely on the ground that it was made in a responsive declaration to a motion that did not seek such sanctions. Husband concedes this was error. (*In re Marriage of Perow & Uzelac* (2019) 31 Cal.App.5th 984, 992 ["Because wife's request for attorney fees under section 271 was not a request for 'affirmative relief,' she did not run afoul of section 213 [limiting affirmative relief sought in responsive declaration to that requested by moving party] by requesting those fees in her responsive pleadings"].)

Instead, Husband argues the error is harmless because he did not engage in sanctionable conduct. Wife argued Husband's sanctionable conduct included his request to modify child support after being laid off, his failure to disclose his layoff and new employment earlier, and his failure to meet and

8

confer about modifying child support.  While we express no opinion on the merits of Wife's motion, we cannot say, on this record, that no reasonable judge could find any of this conduct sanctionable.  (See *Sagonowsky*, *supra*, 6 Cal.App.5th at p. 1152.)

## DISPOSITION

The trial court's order awarding Husband $50,000 pursuant to section 271 is reversed as to the amount awarded and remanded for further proceedings.  The trial court's order denying Wife's section 271 request is reversed and remanded for further proceedings.  Wife shall be awarded her costs on appeal.

SIMONS, J.

We concur.

JACKSON, P. J.
CHOU, J.

(A170589)

9